**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WELLS FARGO BANK, N.A., as trustee for OPTION ONE MORTGAGE LOAN TRUST 2005-2, ASSET-BACKED CERTIFICATES, SERIES 2005-2,<br><br>            *Plaintiff*,<br><br>    v.<br><br>JANICE WOLK GRENADIER,<br><br>            *Defendant*. | No. 22-cv-3433 (DLF) |

**MEMORANDUM OPINION & ORDER**

Wells Fargo Bank, N.A., acting in its capacity as trustee for Series 2005-2 of the Option One Mortgage Loan Trust 2005-2 ("Wells Fargo"), moves to remand this Virginia unlawful-detainer action to Virginia state court. It also seeks fees and a prefiling injunction against Janice Wolk Grenadier, a *pro se* defendant. For the reasons that follow, the Court will grant the motion in part and defer ruling on it in part.

**I.      BACKGROUND**

Grenadier is a serial litigant. She has (unsuccessfully) sued "almost fifty sitting and retired judges, the Clerk of the Alexandria Circuit Court, the United States, the Commonwealth of Virginia, the City of Alexandria, various private attorneys, a private law group, a loan servicer, and various banks." *In re Janice Wolk Grenadier*, No. 17-cv-1404, at *2–3 (E.D. Va. Feb. 26, 2018). She has also filed for bankruptcy eleven times. *In re Janice Wolk Grenadier*, No. 23-10904, at *2 (Bankr. E.D. Va. Aug. 4, 2023). Many of Grenadier's filings allege that Wells Fargo has conspired to deprive her of her property, *see, e.g.*, Compl. ¶ 78, *Grenadier v. Ocwen Loan*

1

*Servicing LLC*, No. 17-cv-925, (E.D. Va. Aug. 15, 2017), Dkt. 1, or that Grenadier has "been victim[] of . . . illegal, unethical actions" by "Wells Fargo . . . and other agents of Wells Fargo and Bank of America," Compl. ¶ 12, *Grenadier v. BWW Law Grp.*, No. 14-cv-827, (E.D. Va. Jul. 29, 2013), Dkt. 1.

Because of her litigation history, Grenadier is subject to a prefiling injunction in the Eastern District of Virginia. *In re Grenadier*, No. 18-mc-10 (E.D. Va. July 2, 2018); Dkt. 16-4 at 2. The injunction bars her from "filing any new pro se civil actions . . . or any other motions, papers, or requests for relief in any civil actions in the Eastern District of Virginia pertaining to . . . the various conspiracies" Grenadier has "alleged in her prior complaints." *Id.*

In March 2018, Wells Fargo purchased Grenadier's home at a foreclosure sale. Dkt. 16-6 at 20. Grenadier did not leave the property, and in June 2022—almost four years later—Wells Fargo sought to evict her. *Id.* at 1. It filed an unlawful detainer action against her in the General District Court for the City of Alexandria, Virginia seeking possession of the home, $125,000 in back rent, and attorney's fees. *Id.* at 2.

The Alexandria court set a trial date for November 10, 2022. Pl.'s Mem. in Support of Mot. to Remand at 4, Dkt. 16-1. But on November 9, 2022, Grenadier filed a document captioned "Notice of Removal" in this Court. Dkt. 1. The Notice did not contain "a copy of all process, pleadings, and orders served upon" Grenadier in the Alexandria action, 28 U.S.C. § 1446(a), and it is not clear from the docket whether Grenadier gave "written notice" of the document to Wells Fargo or "file[d] a copy of the notice with the clerk of the" Alexandria court, *id.* § 1446(d). Along with her Notice, Grenadier filed a "Counterclaim Cross Complaint / Criminal Complaint" asserting various claims for relief against Wells Fargo. Dkt. 2.

On November 17, 2022, the Court remanded Grenadier's complaint to the Alexandria court *sua sponte*.  Order of Nov. 17, 2022, Dkt. 3.  It reasoned that Grenadier could not remove the Alexandria action into this Court, as the District Court for the District of Columbia is not "the district court for the district . . . embracing" Alexandria.  28 U.S.C. § 1441(a).  The D.C. Circuit reversed.  Dkt. 10-1 at 1.  It held that that remand "was premature" because the Court's order did not rest on "a timely raised defect in removal procedure or a lack of subject matter jurisdiction." *Id.* (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995)).  The Circuit's mandate issued on November 22, 2023.  Dkt. 10.

On November 28, 2023, the Court ordered Grenadier to "file a copy of all process, pleadings, and orders served upon her" in the Alexandria action in conformity with 28 U.S.C. § 1446(a).  Min. Order of Nov. 28, 2023 (cleaned up).  Grenadier did so on February 5, 2024.  Dkt. 14.  On February 16, 2024, Wells Fargo filed a motion to remand.  Dkt. 16.  It also sought attorney's fees and costs under 28 U.S.C. § 1447(c) and an injunction barring Grenadier from filing further materials in this Court.  *Id.*

## II.    LEGAL STANDARDS

Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Cases removed improvidently may be remanded to state court.  *Id.* § 1447(c). The "statutory procedures for removal are to be strictly construed," *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002), and "the [C]ourt must resolve any ambiguities concerning the propriety of removal in favor of remand," *see, e.g.*, *Johnson-Brown v. 2020 M Street LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003).

After remand, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of . . . removal." 28 U.S.C. § 1447(c). "[I]f non-removability is obvious or contrary to well-settled law, courts regularly impose" payment of "costs and expenses." *Johnson-Brown*, 257 F. Supp. 2d at 181.

"'[A] court may" also "'employ injunctive remedies'—such as filing restrictions—'to protect the integrity of courts and the orderly and expeditious administration of justice.'" *Smith v. Scalia*, 44 F. Supp. 3d 28, 46 (D.D.C. 2014) (Brown Jackson, J.) (quoting *Kaempfer v. Brown*, 872 F.2d 496, 496 (D.C. Cir. 1989)). "Any such restrictions must be narrowly tailored." *Id.* In this district, "prior to issuing prefiling injunctions," courts ordinarily (1) afford litigants "notice and an opportunity to be heard," (2) "develop[] a record for review that considers both the number and content of the [litigant's] filings," and (3) "make[] substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* (cleaned up).

## III.   DISCUSSION

For the following reasons, the Court will grant Wells Fargo's motion to remand and grant its motion for fees and costs. It will defer ruling on Wells Fargo's motion for a prefiling injunction but will order Grenadier to show cause why she should not be enjoined from further filings relating to Wells Fargo or this action in this Court without first obtaining court approval.

### A.   Motion to Remand

28 U.S.C. § 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district . . . embracing the place where such action is pending." A defendant must file any notice of removal "within 30 days after the receipt by [a] defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon

4

which [the removed] action or proceeding is based." *Id.* § 1446(b)(1).  "A civil action otherwise removable solely on the basis of" federal diversity jurisdiction "may not be removed if any . . . part[y] . . . properly joined and served as [a] defendant[] is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2).

28 U.S.C. § 1447(c) governs motions to remand.  Under § 1447(c), motions to remand for lack of subject matter jurisdiction may be brought "at any time."  Other motions to remand "must be made within 30 days after the filing of [a] notice of removal under" 28 U.S.C. § 1446(a).  *Id.* § 1447(c).  Section 1446(a) provides that "[a] defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action."

Grenadier's attempt at removal flunks each of these substantive tests.  Section 1441(a) obliged Grenadier to remove into the U.S. District Court for the Eastern District of Virginia, the "district court of the United States . . . embracing" the Alexandria court.  Grenadier removed into this Court instead.  Section 1446(b)(1) obliged Grenadier to remove within 30 days of receiving a copy of Wells Fargo's initial pleadings in the Alexandria action.  Grenadier missed the deadline. *Compare* Dkt. 14-2 (suggesting that Grenadier received Wells Fargo's complaint in the Alexandria action by June 2022), *with* Dkt. 1 (removing in November).  And § 1441(b)(1) says that citizens of Virginia may not remove diversity actions brought against them in Virginia into federal court. Grenadier resides in Virginia, and Wells Fargo's action is cognizable only under this Court's diversity jurisdiction, *see* 28 U.S.C. §§ 1330–69, but Grenadier removed anyway.  All these defects independently necessitate remand.

Nor has Wells Fargo forfeited its opportunity for remand under § 1447(c).  For one thing, Grenadier does not argue that Wells Fargo failed to file its motion to remand within the statutory deadline, meaning that even if Wells Fargo *did* forfeit its right to remand Grenadier forfeited the forfeiture.  *Cf. Solomon v. Vilsack*, 763 F.3d 1, 13 (D.C. Cir. 2014).  For another, Wells Fargo's motion is not obviously untimely.  True, none of the defects in Grenadier's attempt at removal deprives this Court of jurisdiction.  14C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3739.2 (4th ed. 2023) (citing cases); *see, e.g.*, *Klayman v. Judicial Watch, Inc.*, 185 F. Supp. 3d 67, 71 (D.D.C. 2016).  True also, Wells Fargo moved to remand more than thirty days after Grenadier's first filing in this Court.  Dkt. 16.  But it is not apparent that Grenadier's first filing qualifies a "notice of removal *under*" § 1446(a) within the meaning of § 1447(c), meaning § 1447(c)'s clock for remand may never have started to tick.  28 U.S.C. § 1447(c) (emphasis added).  Section 1446(a) tells defendants to file their notice of removal "in the district court of the United States for the district . . . within which [their] action is pending" and to include "a short and plain statement of [their] grounds for removal, together with a copy of all process, pleadings, and orders served upon" them in state court.  Grenadier, by contrast, filed her notice in a different district without any process, pleadings, or orders served upon her.  Dkt. 1.  A notice of removal that does not come close to complying with § 1446(a)'s requirements does not look like a notice filed "under" 28 U.S.C. 1446(a) that can trigger § 1447(c)'s deadlines.

Independently, in an exercise of its equitable powers, the Court would remand Grenadier's action pursuant to the Eastern District of Virginia's prefiling injunction even if Wells Fargo's motion were untimely.  *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 356 (1988); *Barksdale v. Wash. Metro Area Transit Auth.*, 512 F.3d 712, 716 (D.C. Cir. 2008) ("[A] district court also may remand a case on certain grounds not expressly authorized by the statute.").

Grenadier's removal papers "pertain[] to . . . [the] conspiracies" she has alleged in prior lawsuits, as both center on Wells Fargo's putative plot to take her home and allege similar misconduct as part of that plot.  *Compare* Dkt. 1 at 3 (describing "new evidence of Forgery" by Wells Fargo or others), *with Grenadier*, No. 17-cv-925, Compl. ¶¶ 14–15 (describing old evidence of forgery).  As a result, if Grenadier had filed her notice of removal in the Eastern District of Virginia, the Eastern District would have rejected it pursuant to its prefiling injunction.  *See* Dkt. 16-4 at 2.  By filing her papers in this Court instead, Grenadier circumvented that restriction.  "[E]quity," however, "will . . . treat that to have been done, which ought to have been done."  *Taylor v. Longworth*, 39 U.S. (14 Pet.) 172, 177 (1840); *accord Jacksonville Port Auth. v. Adams*, 556 F.2d 52, 56 (D.C. Cir. 1977).  Because Grenadier had no good-faith basis for removing her action to this Court rather than the Eastern District of Virginia, the Court will treat her removal papers as if they were filed in that district.  It follows that Grenadier could not have removed successfully and that this action must be remanded.

For these reasons, the Court will remand this action to the General District Court for the City of Alexandria, Virginia.

### B.    Fees and Costs

Having remanded this action, the Court "may require" Grenadier to pay "just costs" along with Wells Fargo's "actual expenses, including attorney fees."  28 U.S.C. § 1447(c).  "[T]he standard for awarding fees . . . turn[s] on the reasonableness of the removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

As discussed above, Grenadier "lacked an objectively reasonable basis for seeking removal."  *Id.*  Indeed, the Court strongly suspects her removal was a bad-faith attempt to evade the Eastern District of Virginia's prefiling injunction against her.  As a result, the Court will award

Wells Fargo its reasonable fees and costs.  Grenadier's *pro se* status does not change this conclusion, as the impermissibility of removal in this case should be easily apparent even to a non-lawyer.  Nor do other "unusual circumstances warrant a departure from the rule" that unreasonable removal attempts merit fees.  *Id.*; *cf. Johnson-Brown*, 257 F. Supp. 2d at 181.

### C.    Prefiling Injunction

Finally, the Court will order Grenadier to show cause why this Court should not enjoin her from future filings in the District of Columbia relating to Wells Fargo or this action.  Given the record before the Court, Grenadier's filings appear "frivolous [and] harassing."  *Smith*, 44 F. Supp. 3d at 46.  In addition, a prefiling injunction seems necessary "to protect . . . the orderly and expeditious administration of justice" in this case, since (among other things) Wells Fargo will not be able to consummate its Virginia unlawful-detainer action if frivolous federal filings constantly interrupt it.  *Id.*  Out of an abundance of caution, however, the Court will afford Grenadier an additional opportunity to clarify why her filings have not been frivolous and why a narrowly tailored injunction is not warranted.

### CONCLUSION

For these reasons, it is

**ORDERED** that the plaintiff's motion to remand is **GRANTED**.  It is further

**ORDERED** that the plaintiff's motion for fees and costs is **GRANTED**.  It is further

**ORDERED** that this action is **REMANDED** to the General District Court for the City of Alexandria, Virginia.  It is further

**ORDERED** that, on or before March 22, 2024, the plaintiff shall submit a petition detailing the attorney's fees and costs it has expended in opposing removal of this case.  It is further

**ORDERED** that, on or before March 22, 2024, the defendant shall show cause why this Court should not enjoin her from future filings in the District of Columbia relating to Wells Fargo or this action, absent court approval.

**SO ORDERED.**

March 8, 2024

DABNEY L. FRIEDRICH
United States District Judge