UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WELLS FARGO BANK, N.A., as trustee for
OPTION ONE MORTGAGE LOAN TRUST
2005-2, ASSET-BACKED CERTIFICATES,
SERIES 2005-2,

    *Plaintiff*,

  v.

JANICE WOLK GRENADIER,

    *Defendant.*

No. 22-cv-3433 (DLF)

## MEMORANDUM OPINION

Wells Fargo Bank, N.A., acting in its capacity as trustee for Series 2005-2 of the Option One Mortgage Loan Trust 2005-2 ("Wells Fargo"), moves for a prefiling injunction against Janice Wolk Grenadier, a vexatious litigant and the *pro se* defendant in this case. For the reasons that follow, the Court will grant the motion.

### I. BACKGROUND

The Court has recounted Grenadier's litigation history before, *see Wells Fargo Bank, N.A. v. Grenadier*, No. 22-cv-3433, 2024 WL 1050359, at *1 (D.D.C. Mar. 8, 2024) ("*Grenadier I*"), and will do so again only briefly. Grenadier has filed at least five civil actions in this Court, *see Grenadier v. BWW Law Grp.*, No. 13-cv-1152 (D.D.C. Jul. 29, 2013); *Grenadier v. Heckman*, No. 14-cv-162 (D.D.C. Jan. 31, 2014); *Grenadier v. Boasberg*, No. 14-cv-1463 (D.D.C. Aug. 28, 2014); *United States ex rel. Grenadier v. Wells Fargo Bank Nevada, N.A.*, No. 20-cv-2570 (D.D.C. Sept. 28, 2020); *Grenadier v. Wells Fargo Bank N.A.*, No. 22-cv-743 (D.D.C. Apr. 8, 2022), and at least eight more in the Eastern District of Virginia, *Grenadier v. Semonian*, No. 11-cv-1136

(E.D. Va. Jan. 13, 2012); *Grenadier v. United States*, No. 15-cv-1497 (E.D. Va. Dec. 18, 2015); *Grenadier v. Virginia*, No. 17-cv-166 (E.D. Va. Feb. 21, 2017); *Grenadier v. Clark*, No. 17-cv-280 (E.D. Va. Jun. 2, 2017); *Grenadier v. Lewis*, No. 17-cv-819 (E.D. Va. Aug. 2, 2017); *Grenadier v. Ocwen Loan Servicing, LLC*, No. 17-cv-925 (E.D. Va. Oct. 2, 2017); *Grenadier v. Smith*, No. 17-cv-1106 (Nov. 17, 2017); *Grenadier v. Hudson*, No. 18-cv-571 (E.D. Va. Jul. 18, 2018); *see also Grenadier v. BWW Law Grp.*, No. 14-cv-827 (E.D. Va. Jan. 30, 2015) (action transferred from this District). She has also filed for bankruptcy eleven times. *In re Janice Wolk Grenadier*, No. 23-bk-10904, Dkt. 41 (Bankr. E.D. Va. Aug. 4, 2023). Finally, in at least three cases, Grenadier has sought leave to participate as an intervenor. *Aziz v. Trump*, No. 17-cv-116 (E.D. Va. Feb. 6, 2017); *Sarsour v. Trump*, No. 17-cv-120 (E.D. Va. Feb. 6, 2017); *United States v. Thomas*, No. 21-cr-552 (D.D.C. Jun. 2, 2023) (minute order).

      Members of this Court have described Grenadier's filings as "rambling," "disorganized," and "unintelligible." Mem. Op. at 2, *Wells Fargo Bank N.A.*, No. 22-cv-743, Dkt. 3 (Kelly, J.) ("rambling" and "disorganized"); Min. Order of Sept. 28, 2020, *Wells Fargo Bank Nevada*, No. 20-cv-2570 (Howell, J.) ("unintelligible"). Many of them seem to allege that Grenadier has "been the victim[] of . . . illegal, unethical actions" by "Wells Fargo" and its agents. *See, e.g.*, Compl. ¶ 12, *BWW Law Grp.*, No. 14-cv-827, Dkt. 1. Others target Ilona Grenadier Heckman, a Virginia divorce lawyer who seems to be related to Grenadier's ex-husband. *See, e.g.*, *Heckman*, No. 14-cv-162. Still others seek relief against judges who have adjudicated Grenadier's prior cases. *See, e.g.*, *Boasberg*, No. 14-cv-1463. Courts have universally found Grenadier's submissions to be "meritless," *e.g.*, Mem. Op. at 23, *BWW Law Grp.*, No. 14-cv-827, Dkt. 65, and Grenadier is subject to a prefiling injunction in the Eastern District of Virginia as a vexatious litigant, *In re Grenadier*, No. 18-mc-10, 2018 WL 3233648, at *10 (E.D. Va. July 2, 2018).

2

This action began in 2022, when Wells Fargo filed an unlawful detainer action against Grenadier in Virginia state court.  *Id.*  Grenadier removed to this Court—not the Eastern District of Virginia, where venue over the removed action was proper but where Grenadier was subject to a prefiling injunction—and lodged a "COMPLAINT / CROSS COMPLAINT CRIMINAL COMPLAINT" against Wells Fargo and others purporting to show "ILLEGAL AND CRIMINAL COLLUSION OF THE HEADS of BANKS OF 2008 . . . TO CONTINUE [A] SCHEME OF THEFT OF HOMES FROM THE AMERICAN PEOPLE."  *Id.* at *1–3; Dkt. 2 at 5 (capitalization in original; emphasis omitted).  This Court remanded.  *Grenadier I*, 2024 WL 1050359, at *2–4.  It explained that venue was improper in this District, that Grenadier's attempt at removal was untimely, and that as a citizen of Virginia Grenadier could not remove actions filed against her in Virginia state court.  *Id.*  It also observed that, "by filing her [notice of removal] in this Court [rather than the Eastern District of Virginia], Grenadier circumvented" the restrictions imposed by that District's prefiling injunction.  *Id.*

On Wells Fargo's motion, the Court ordered Grenadier to "show cause why this Court should not enjoin her from future filings in the District of Columbia relating to Wells Fargo or this action."  *Id.* at *4.  Grenadier did not respond, although she did file a motion for recusal and for a special master.  Dkt. 24-1.  The motion contained 182 pages of supporting materials and alleged, among other things, "'HATE' Crimes" against Grenadier by "'JEW' Divorce Lawyer" Grenadier-Heckman.  *Id.* at 3.

## II.  DISCUSSION

"'[A] court may employ injunctive remedies'—such as filing restrictions—'to protect the integrity of courts and the orderly and expeditious administration of justice.'"  *Smith v. Scalia*, 44 F. Supp. 3d 28, 46 (D.D.C. 2014) (quoting *Kaempfer v. Brown*, 872 F.2d 496, 496 (D.C. Cir. 1989)

3

(per curiam) (unpublished table op.)).  "Any such restrictions must be narrowly tailored to protect that interest 'without unduly impair[ing] a litigant's right of access to the courts." *Id.* (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)) (alterations in original).  The Court enjoins *pro se* plaintiffs from filing suit "with particular caution." *Id.* (quoting *Powell*, 851 F.2d at 431).

"In keeping with [their] exigent nature," the Court may issue prefiling injunctions only after "creat[ing] an adequate record for review." *Powell*, 851 F.2d at 431.  Consistent with the requirements of due process, the Court must also afford litigants "notice and an opportunity to be heard" before enjoining them. *Id.*  "Additionally, when contemplating issuing an injunction, it is incumbent upon the district court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.*

Here, the Court finds that an order enjoining Grenadier from future filings in this District relating to Wells Fargo or this action is necessary "to protect the integrity" of the Court and to shield Wells Fargo, its agents, and its employees from vexatious litigation. *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985).  *First*, Grenadier's filings in this District have been frivolous and harassing.  Each of Grenadier's submissions in matters prior to this action has been devoid of merit, and many have been incomprehensible. *See, e.g.*, Mem. & Op. at 2, *Heckman*, No. 14-cv-162, Dkt. 7  ("The plaintiff's submissions are so rambling and disorganized that the Court cannot identify a viable claim."); Mem. Op. at 2, *Boasberg*, No. 14-cv-1463, Dkt. 3 ("[T]he complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure."); Min. Order of Sept. 28, 2020, *Wells Fargo Bank Nevada*, No. 20-cv-2570 ("[P]laintiff's complaint . . . careens from claims under the False Claims Act to alleged violations of the Thirteenth Amendment . . . [and] is unintelligible."); Mem. Op. at 1, *Wells Fargo Bank*, No. 22-cv-743, Dkt. 3 ("[P]laintiff's complaint utterly fails to meet Rule 8's minimal pleading

4

standard."); *see also* Mem. Op. at 23, *BWW Law Grp.*, No. 14-cv-827, Dkt. 65 (transferred from D.D.C.) (dismissing Grenadier's *pro se* complaint for failure to state a claim as "meritless"). Grenadier's papers in this matter, including her filings in Virginia state court before removal, reflect the same problems. *See, e.g.*, Dkt. 2 at 21 (filed in this Court) ("Troutman Pepper Hamilton Sanders aka Troutman Sanders . . . . 'Swindled' $30,000 in a Cover Up of monies stolen through a trust account . . . with Divorce Lawyer Ilona Grenadier Heckman."); Dkt. 14-7 at 14 (filed in Virginia) ("Lawyer Ilona in collusion with others . . . hired a gentleman . . . [who] was to drug Janice and get sexual inappropriate pictures of [her] . . . . Lawyer Ilona is a 'Greedy Jew.'"). In short, "the number and content of [Grenadier's] prior filings provide sufficient basis for consideration of a pre-filing injunction." *Smith*, 44 F. Supp. 3d at 46.

*Second*, Grenadier's litigating behavior "constitutes an unwarranted burden on 'the orderly and expeditious administration of justice.'" *Id.* at 47 (quoting *Urban*, 768 F.2d at 1500). Since 2010, Grenadier has started litigation in federal court more than 27 times. Her habit of "filing lawsuits against judges who rule against [her] raises the spectre of harassment." *Id.* In addition, assessing Grenadier's repetitive filings—many of which are quite lengthy and/or seek emergency relief—"wastes limited judicial resources" and distracts the Court from claimants who may have meritorious claims. *Davis v. United States*, 569 F. Supp. 2d 91, 99 (D.D.C. 2008); *see, e.g.*, *Heckman*, Dkts. 2–4, No. 14-cv-162 (three emergency motions with over five hundred pages of supporting materials). Finally, Grenadier's conduct imposes unacceptable costs on the other litigants caught in her net, including Wells Fargo and Grenadier-Heckman. For example, in this action, Grenadier's plainly meritless attempt to remove Wells Fargo's unlawful-detainer action to this Court has transformed what should have been a straightforward lawsuit into a multi-year, multi-jurisdictional odyssey. *See Grenadier I*, 2024 WL 1050359, at *3–4.

*Third*, less restrictive measures would not adequately protect the Court and others against Grenadier's misconduct. Monetary sanctions would not adequately deter Grenadier because her litigation history, including her repeated bankruptcy filings, suggests that they could be difficult if not impossible to collect. Nor is the Court aware of any other non-injunctive sanction that could bring Grenadier's abuses of the legal system to a halt.

Grenadier cannot complain that the Court has not given her notice or an opportunity to be heard before enjoining her. Wells Fargo moved for a prefiling injunction on February 16, 2024. Dkt. 16. On March 8, 2024, the Court deferred ruling on the motion "[o]ut of an abundance of caution" and ordered Grenadier to show cause why an injunction should not issue on or before March 22, 2024. *Grenadier I*, 2024 WL 1050359, at *4. Grenadier did not respond, even after the Court *sua sponte* extended its show-cause deadline to April 1, 2024. Minute Order of March 25, 2024. In short, the Court has given Grenadier "ample opportunity" to share her side of the story. *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1169 (D.C. Cir. 1981). Grenadier declined the invitation—and thereby forfeited her arguments against an injunction, *see* LCvR 7(b)—but that does not mean enjoining her would violate her rights.

Nor can Grenadier plead ignorance of the law as a defense. Although Grenadier is *pro se*, "[e]ven *pro se* litigants . . . must comply with the Federal Rules of Civil Procedure." *Butler v. Cal. State Disbursement Unit*, 990 F. Supp. 2d 8, 8–9 (D.D.C. 2013). Grenadier's personal experience with the federal courts should also have informed her of some of the procedural rules relevant to her cases. For example, this is the second case in which Grenadier has sought to remove a Virginia state-court action into this Court and the second time this Court has remanded. *See Grenadier v. Grenadier*, No. 15-mc-1540 (D.D.C. Nov. 3, 2015). This is also the second time Grenadier has faced a prefiling injunction. *Grenadier I*, 2024 WL 1050359, at *1.

**CONCLUSION**

For these reasons, the Court will enjoin Grenadier from future filings in this District relating to Wells Fargo or this action without leave of court. "This action" includes matters raised in Wells Fargo's pleadings in this action along with matters raised in Grenadier's. A separate order accompanies this memorandum opinion.

May 14, 2024

DABNEY L. FRIEDRICH
United States District Court